UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

AUG 3 – 2009

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Cr. No. 94-0298 (TFH) |
| ) | |
| LANCE LAMONT GATLING, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Pending before the Court is defendant Lance Lamont Gatling's *pro se* Motion to Modify

Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 591 to the

Sentencing Guidelines. After careful consideration of the motion, the government's opposition,

Gatling's reply, and the record in this case, the Court finds that Amendment 591 has no bearing

on Gatling's sentence. Accordingly, the Court will deny the motion.

**BACKGROUND**

After a six-day trial in January of 1995, a jury found Gatling guilty of seven charges:

assault on a federal officer, in violation of 18 U.S.C. § 111; using a firearm during and in relation

to a crime of violence, in violation of 18 U.S.C. § 924(c)(1); carrying a pistol without a license,

in violation of D.C. Code § 22-3204(a); being a felon in possession of a firearm, in violation of

18 U.S.C. §§ 922(g)(1), 924(a)(2); being a felon in possession of ammunition, in violation of 18

U.S.C. §§ 922(g)(1), 924(a)(2);[1] possession of a firearm with an altered serial number, in

violation of 18 U.S.C. §§ 922(k), 924(a)(1)(B); and unlawful distribution of cocaine base within

---

[1] This ammunition count was later dismissed and did not result in a conviction.

1,000 feet of a school, in violation of 21 U.S.C. § 860(a). The jury also acquitted Gatling on two

counts: attempted murder of an employee of the United States under 18 U.S.C. §1114, and

assault with intent to commit robbery while armed under D.C. Code §§ 22-501,-3202.

On September 19, 1995, the Court sentenced Gatling to a total of 270 months of

imprisonment on the various convictions, to be followed by six years of supervised release. The

Court of Appeals affirmed the convictions and sentence. *United States v. Gatling*, 107 F.3d 923

(D.C. Cir. 1996). Gatling filed the instant motion on November 7, 2008.

## DISCUSSION

Gatling's motion argues that, pursuant to 18 U.S.C. § 3582(c)(2), he is eligible for a

reduced sentence based on Amendment 591 to the United States Sentencing Guidelines. Section

3582(c)(2) provides in relevant part:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based
> on a sentencing range that has subsequently been lowered by the Sentencing
> Commission . . . the court may reduce the term of imprisonment, after considering
> the factors set forth in [18 U.S.C.] § 3553(a) to the extent that they are applicable,
> if such a reduction is consistent with applicable policy statements issued by the
> Sentencing Commission.

This statute provides the jurisdictional hook upon which Gatling petitions the Court for relief.

Amendment 591, via § 3582(c)(2), is retroactively applicable.[2] *United States v. Benanti*,

---

[2] The Court notes in passing that a judge of this district court is skeptical whether
Amendment 591 falls within the sweep of § 3582(c)(2). In a short, unpublished opinion rejecting
a petition based on Amendment 591, Judge Friedman wrote that, "[t]he Court is not convinced,
from its review of Amendment 591, that it constitutes a lowering of a sentencing range within the
meaning of 18 U.S.C. § 3582(c)(2)." *United States v. McLaughlin*, No. 96-0045, 2007 WL
1794098, at *1 (D.D.C. June 19, 2007). Judge Oberdorfer, however, found in another short,
unpublished opinion that "[w]here a sentencing court has failed to comply with Amendment 591,
§ 3582(c)(2) permits modification of the defendant's sentence to conform to the Amendment."
*United States v. Gordon*, No. 96-0428, 2007 WL 1141555, at *1 (D.D.C. Apr. 17, 2007).

137 Fed. App'x 479, 481 (3d Cir. 2005) (per curiam); *United States v. Moreno*, 421 F.3d 1217,

1219 (11th Cir. 2005) (per curiam).  Section 1B1.10 of the Sentencing Guidelines states that

when "a defendant is serving a term of imprisonment, and the guideline range applicable to that

defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual

listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as

provided by 18 U.S.C. § 3582(c)(2)."  U.S.S.G. § 1B1.10(a).  Amendment 591 is listed as an

amendment covered by the policy statement.  U.S.S.G. § 1B1.10(c).

According to Gatling, the Sentencing Commission's adoption of Amendment 591,

effective November 1, 2000, retroactively lowers the sentencing range applicable to him.

Amendment 591 modified certain Guidelines provisions to require that the initial choice of

offense guideline be based on the offense of conviction, rather than relevant conduct:

> Prior to Amendment 591, a court could consider actual (i.e., relevant) conduct when
> selecting the applicable offense guideline section.  Amendment 591, effective
> November 1, 2000, requires that the initial selection of the offense guideline be based
> only on the statute (or offense) of conviction rather than on judicial findings of actual
> conduct . . . that will never be made by the jury.  The Amendment was intended to
> "emphasize that the sentencing court must apply the offense guideline referenced in
> the Statutory Index [at the back of the Sentencing Guidelines Manual] for the statute
> of conviction."

*United States v. Rivera*, 293 F.3d 584, 585 (2d Cir. 2002) (quoting U.S.S.G. Manual, Supp. to

App'x C, amend. 591, cmt. at 32 (Nov. 1, 2000)).[3]

---

[3]  Citing *Rivera*, Judge Urbina of this district court has reached a similar conclusion
about the impact of Amendment 591:

> Amendment 591 clarified that the initial selection of the offense guideline must be
> based only on the statute (or offense) of conviction rather than on judicial findings
> of actual conduct such as drug quantity that will never be made by the jury.  Prior to
> the amendment, some courts determined that the particular conduct in a case rendered
> the offense guideline for the statute of conviction inappropriate and selected, for

(cont'd)

Gatling argues that his sentencing range was calculated in a way that Amendment 591 retroactively prohibits, and that § 3582(c)(2) provides a basis for resentencing. Specifically, he alleges that the Court selected an offense guideline based not on the offense of conviction, namely assault on a federal officer, but on a charge for which he was acquitted, attempted murder. According to Gatling, the result was that, rather than U.S.S.G. § 2A2.2 for assault, the Court applied U.S.S.G. § 2A2.1 for attempted murder, which carries a significantly higher base offense level. Gatling contends that because Amendment 591 effectively lowers his sentencing range under the Guidelines, § 3582(c)(2) permits resentencing.

The Court rejects Gatling's argument because it rests on a false premise. He is correct that the Court applied § 2A2.1, but mistaken in believing that the Court did not make its initial selection of the applicable offense guideline based on the offense of conviction. This misunderstanding perhaps owes to the complicated mechanics of the Sentencing Guidelines in Gatling's case. To alleviate confusion and demonstrate why Amendment 591 does not apply, the Court below reviews the roundabout way in which it reached § 2A2.1 in calculating Gatling's sentence. The Court reminds that this sentence was affirmed on appeal.

To begin with, assault on a federal officer was but one of Gatling's multiple convictions. Pursuant to U.S.S.G. § 5G1.2, those several convictions were grouped for purposes of determining the appropriate sentence for each conviction. *See* Pre-Sentence Investigation Report ("PSR") (August 15, 1995) ¶ 12. This grouping exercise, which Gatling does not here challenge,

---

sentencing purposes, the offense guideline for a different statute of conviction. Amendment 591 put an end to this practice by requiring that the offense guideline match the statute of conviction.

*United States v. Wyche*, 317 F. Supp. 2d 1, 14 n.11 (D.D.C. 2004) (internal quotations and citations omitted).

4

resulted in three groups of offenses: (1) the assault and weapons group, (2) the narcotics

violation group, and (3) a separate group for using a firearm during and in relation to a crime of

violence, because that offense carried a mandatory consecutive sentence of five years.

Within the assault and weapons group, the offense that controlled for purposes of

applying the Sentencing Guidelines was felon in possession of a firearm, in violation of 18

U.S.C. §§ 922(g)(1) and 924(a)(2). *See* PSR ¶ 13. For those statutes, the Statutory Index directs

application of the offense guideline U.S.S.G. § 2K2.1.[4] Turning to that guideline, § 2K2.1(c) is a

cross-reference provision that, if its conditions are met, directs application of § 2X1.1:

> (c)     Cross Reference
>    (1)     If the defendant used or possessed any firearm or ammunition in
>            connection with the commission or attempted commission of another
>            offense, or possessed or transferred a firearm or ammunition with
>            knowledge or intent that it would be used or possessed in connection
>            with another offense, apply –
>       (A)     § 2X1.1 (Attempt, Solicitation, or Conspiracy) in respect to
>               that other offense, if the resulting offense level is greater than
>               that determined above . . . .

U.S.S.G. § 2X1.1(a), in turn, directs application of the guideline for the substantive offense in

question: "(a) Base Offense Level: The base offense level from the guideline for the substantive

offense, plus any adjustments from such guideline for any intended offense conduct that can be

established with reasonable certainty."

It is through this cross-referencing provision that the Court made its calculation under

U.S.S.G. § 2A2.1. Starting at § 2K2.1 for the firearms offenses, the Court considered the

acquitted attempted murder conduct, as well as the victim's injuries, in deciding to depart

---

[4] Another statutory section implicated in Gatling's firearms convictions, 18 U.S.C. § 922(k), also leads to application of U.S.S.G. § 2K2.1.

upward from the sentencing range suggested by the offense guidelines for the convicted offense.[5]

*See* J. & Commitment Order at 4 ("[T]he court departs from the guideline application by

considering the acquitted offenses as relevant conduct and by considering the victim's injuries as

aggravating circumstances."). The Court found by a preponderance of the evidence under §

2K2.1(c) that Gatling used or possessed a firearm or ammunition in connection with the

commission or attempted commission of another offense, namely attempted murder. *See*

Sentencing Tr. (Sept. 22, 1995) at 42 ("The evidence before the Court, using a preponderance of

the evidence theory and seeing if the elements exist for the attempted murder as part of this

robbery, the Court considers to have been shown by the evidence both at trial and now at the

sentencing hearing."). The Court therefore turned to § 2X1.1, which directed it to the guideline

for the substantive offense, which is § 2A2.1 for attempted murder.

Looking to § 2A2.1, the Court followed the government's suggestion, *see* Gov't Mem. in

Aid of Sentencing (Docket No. 50), and established Gatling's base offense level as 28 pursuant

to § 2A2.1(a)(1) because the object of Gatling's offense would have constituted first degree

murder. *See* Sentencing Tr. at 46. Next, the Court applied a four-level enhancement pursuant to

§ 2A2.1(b)(1) after finding that the victim sustained both permanent and life-threatening bodily

injury. *See id.* at 40. That gave Gatling an offense level of 32:

---

[5] To the degree that Gatling suggests that a court may not consider acquitted conduct in
determining a sentence, he is wrong:

> [L]ong-standing precedents of the Supreme Court and [the D.C. Circuit] establish
> that a sentencing judge may consider uncharged or even acquitted conduct in
> calculating an appropriate sentence, so long as that conduct has been proved by a
> preponderance of the evidence and the sentence does not exceed the statutory
> maximum for the crime of conviction.

*United States v. Settles*, 530 F.3d 920, 923 (D.C. Cir. 2008) (citations omitted).

> [I]t would appear to the Court that the proper offense level for the Court then would be, considering the, including the assault weapons charge grouped to include the attempted murder charge, that would determine the offense level for the group, which would be 28, and a four-level enhancement, as I've already ruled, for [the victim's] permanent – or life threatening injury would be an offense level of 32."

*Id.* at 46-47.

With Gatling's criminal history category of IV, the indicated sentencing range was 168 to 210 months. Pursuant to the grouping rules of U.S.S.G. § 5G1.2, that sentence would be imposed not on the firearms conviction, but on the conviction for unlawful distribution of cocaine base:

> Based upon this calculation . . . the formula at this point would have a final offense level of 32, and that is the level I believe should apply in the case of Mr. Gatling based upon his criminal history category of IV. That will result in an exposure of 168 to 210 months on Count 12 [the cocaine base conviction] . . . .

*Id.* at 47. This approach was taken because only the drug conviction had a statutory maximum term of imprisonment (forty years) high enough to absorb the indicated sentencing range. *See id.* at 54-55. The maximum statutory term available under the firearms convictions was ten years, making it impossible to impose the guidelines sentence on those counts. The Court ultimately selected the maximum sentence of 210 months. *Id.* at 62.

The upshot of this explanation is that the Court reached § 2A2.1 not as its initial selection of the offense guideline, but through the cross-referencing provision contained in the specified offense guideline for Gatling's firearms convictions, § 2K2.1. Gatling's own counsel confirmed as much at the sentencing hearing:

> I believe that the way the Court got to section 2A2.1, the attempted murder guideline, was by way of section 2K2.1, which applies to the gun offenses in this case. That contains a cross-reference at section 2K2.1(c) . . . . It is this cross-reference provision in section 2K2.1 that after a few twists and turns leads the Court back to 2A2.1.

2K2.1 sends the Court to 2X1.1, the attempt provision, and 2X1.1 then refers the Court back to 2A2.1. That's how the Court can get there by operation of the guidelines for the gun count.

Sentencing Tr. at 51-52; *see also* Def.'s Mem. in Aid of Sentencing (Docket No. 48) at 15-16.

This application is entirely proper under the Sentencing Guidelines and is not unique to Gatling's case.[6] Amendment 591, which is concerned with the *initial* selection of the offense guideline, in no way affects the Court's authority to depart upward in this manner. In other words, Amendment 591 has no impact on either the process or the result of Gatling's sentencing determination. Gatling's motion therefore fails.

## CONCLUSION

Amendment 591 has no bearing on the way the Court applied the Sentencing Guidelines to determine Gatling's sentence. Accordingly, Gatling proffers no basis for relief and the Court will deny his motion.

A corresponding order accompanies this Memorandum Opinion.

July **31**, 2009

Thomas F. Hogan
United States District Judge

---

[6] In *United States v. Thompson*, 232 F.3d 892 (4th Cir. 2000) (per curiam), for example, the Fourth Circuit affirmed a district court that did exactly what this Court did in determining Gatling's sentence. The defendant in *Thompson* was convicted of a firearms offense. As per the Statutory Index, the district court first looked to § 2K2.1, then applied § 2K2.1(c)(1)(A) to cross-reference to § 2X1.1, and ultimately sentenced the defendant under § 2A2.1 for attempted murder upon finding that the object of the defendant's conduct was first-degree murder.