UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**LANCE GATLING,**<br><br>   **Defendant.** | **Docket No. 94-298 (TSC)** |

### MEMORANDUM FOR FINAL HEARING ON VIOLATION

Mr. Lance Gatling will appear before the Court on May 16, 2025 for a hearing on violation. Mr. Gatling, through counsel, hereby submits this memorandum for the Court's consideration in determining the authorized and appropriate final disposition of the supervised release proceeding. For the reasons set out below, the Court should revoke Mr. Gatling's supervised release and impose a term of imprisonment to run concurrently with the 360-month sentence he is serving for his recent conviction in Maryland.

In 1994, Mr. Gatling was convicted of assault on a federal officer, four firearms offenses, and distribution of cocaine within 1,000 feet of a school, stemming from Mr. Gatlings's sale of cocaine base to and assault

on an undercover agent. PSR ¶ 3-6. He was sentenced to 270 months' imprisonment to be followed by 72 months of supervised release. ECF 130. Mr. Gatling began his term of supervised release on September 9, 2021. *Id.*

Mr. Gatling was arrested in Maryland on October 22, 2022, and was convicted on September 26, 2024 of second-degree assault, using a firearm during a crime of violence, possessing a handgun, and two counts of reckless endangerment. ECF 132. He was sentenced to an aggregate of 360 months' imprisonment. Exhibit 1.

Without conceding guilt in the Maryland case (which is on appeal), Mr. Gatling concedes the allegation in the December 13, 2022 probation petition that Mr. Gatling was "arrested and charged" with these offenses on October 22, 2022. ECF 130.

> **The appropriate sentence is a prison term to be served concurrently with the 360-month sentence he has already received with no supervised release to follow.**

The maximum authorized sentence on revocation is 36 months' imprisonment. ECF 130. The Sentencing Guideline range is 24-30 months' imprisonment. *Id.* A of term of imprisonment to run concurrently to the 360-month sentence already imposed in Maryland is the sentence

that is sufficient but not greater than necessary pursuant to 18 U.S.C. § 3553(a).

There will be no additional deterrent value in a sentence longer than 360 months. Adding up to three years to an already lengthy sentence will not accomplish general or specific deterrence. *See The Growth of Incarceration in the United States*, Nat'l Resource Council, at 131 (2014) ("[O]ne of our most important conclusions is that the incremental deterrent effect of increases in lengthy prison sentences is modest at best."). "[T]here is little evidence that increases in the length of already long prison sentence yield general deterrent effects that are sufficiently large to justify their social and economic costs." Daniel S. Nagin, *Deterrence in the Twenty-First Century*, 42 Crime & Just. 199, 201 (2013). "Increasing the severity of punishment does little to deter crime." *Five Things About Deterrence*, Nat'l Inst. Justice, U.S. Dep't of Justice (May 2016) at 1-2, available at https://nij.ojp.gov/topics/articles/five-things-about-deterrence#note4. It is also questionable here whether the difference between 360 months and 396 months (or some term in between) will make the people harmed by Mr. Gatling's conduct feel more vindicated.

Mr. Gatlings's age also militates against adding to his 360-month sentence in two ways. First, he is far less likely to re-offend upon completion of his sentence. Mr. Gatling is nearly 51 old and, with credit for time served since November 23, 2022, he will be 78 years old when he is released. Exhibit 1. There is a low probability that older prisoners will commit new crimes when released. A 2018 statistical study published in the Justice Policy Journal reported that age is the biggest predictor of recidivism. *See* cjcj/media/import/documents/recidivism_among_older_adults_correlates_of_prison_reentry.pdf. It also found that 88.2% of defendants older than 65 years old do not recidivate. *Id*. at 7. Whatever sentence the Court imposes, Mr. Gatling will be in the over-65 age group when he is released, and in fact will be significantly older than 65.

Second, Mr. Gatling is unlikely to be granted parole. Although an offender convicted in Maryland is eligible for parole after serving half of his/her sentence, MD Correctional Services Code § 7-301 (2024), oddly, his age will make it less likely that he will be granted parole. In Maryland, people over 60 are paroled at a rate of 28%, compared to 43% of people between the ages of 31 and 35. https://justicepolicy.org/wp-content/uploads/2023/09/JPI-MD-Parole_Overview.pdf. Mr. Gatling has

another strike again him before the parole commission: It is less likely that Mr. Gatling, a black man, will be granted parole than if he was a white man. In 2021, for example, 71% of the denials were black petitioners, and 24 percent where white. https://justicepolicy.org/wp-content/uploads/2023/05/Safe-At-Home.pdf.

For all these reasons, the defendant respectfully requests the Court to impose a concurrent sentence with no supervised release to follow.

                                                 Respectfully Submitted,

                                                 A.J. KRAMER
                                                 FEDERAL PUBLIC DFENDER

                                                 _____/s/_____
                                                 Sandra Roland
                                                 Asst. Federal Public Defender
                                                 Office of the Federal Public Defender
                                                 for the District of Columbia
                                                 625 Indiana Avenue, N.W.
                                                 Washington, D.C. 20004
                                                 (202) 208-7500